**Aubrey ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38196.**

Court of Criminal Appeals of Texas.

April 28, 1965.

Rehearing Denied May 26, 1965.

Lawrence Fischman, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., William M. LauBach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is theft, with two prior convictions for felonies less than capital alleged for enhancement purposes; the punishment, under Art. 63, Vernon's Ann. P. C., life imprisonment.

The sole question presented us by Bill of Exception No. 1. is that the 1956 Terry County conviction in Cause No. 971 is void on its face and therefore cannot be used for enhancement purposes. Appellant urged the trial court not to pronounce sentence and presented a Motion in Arrest of Judgment setting out this foregoing contention, which was by the trial court overruled.

The Terry County conviction found appellant guilty of "Theft over the Value of Fifty Dollars". It is appellant's contention that there is no such offense known to the

laws of the State of Texas. A similar contention was made in Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182, wherein the sufficiency of an indictment alleging that appellant had been convicted of the "offense of theft over the value of fifty ($50.00) and no/100 dollars, a felony" was challenged. There we overruled appellant's contention. In Ex parte Isom, 168 Tex.Cr.R. 434, 331 S.W.2d 753, the judgment in one of the cases attacked by relator recited that he was found guilty of theft upon his plea of guilty before the court. The sentence recited that he was adjudged guilty of theft. We overruled the contention that the judgment was void for failure to further describe the offense. We here adhere to these prior holdings and overrule appellant's contention.

Appellant does not challenge the sufficiency of the evidence.

The judgment of the trial court is affirmed.