**Ex parte Aubrey ALLEN.**

**No. 42841.**

Court of Criminal Appeals of Texas.

March 18, 1970.

No attorney for relator.

---

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding under Article 11.07, V.A.C.C.P., and in accordance with Ex parte Young, Tex.Cr.App., 418 S.W.2d 824. The applicant seeks his release from confinement in the Department of Corrections where he is serving a life sentence in Cause No. 9712 in the 140th District Court of Lubbock County for theft of property over the value of $50.00 with two prior convictions for robbery by assault and felony theft alleged for enhancement purposes; his punishment was assessed at life under Article 63, V.A.P.C. The cause was affirmed by this Court in 389 S.W.2d 958.

After a hearing, the Honorable Robert H. Bean, Judge of the 140th District Court, where the applicant was convicted, made the following findings:

"The uncontroverted facts show that the applicant, Aubrey Allen, was convicted of the offense of theft of corporeal personal property of a value of more than $50.00 on November 17, 1964, and his punishment, enhanced by two prior convictions, was assessed at life imprisonment in Cause No. 9712 in this court; that one of the convictions used for enhancement purposes was a conviction in Cause No. 970 in the District Court of Terry County for the offense of felony theft and that he was given probation of his two year sentence, all on April 12, 1956; that afterward, on January 12, 1957, the defendant's probation was revoked and he was sentenced to serve the two years in the penitentiary; that R. L. Graves, an attorney of the Brownfield Bar, was appointed to represent the defendant on his plea of guilty on April 12, 1956, but that no attorney was appointed to represent him at the time his probation was revoked and he was sent to the penitentiary on January 12, 1957, although he was not able to employ an attorney at that time and was not represented by such hearing. It therefore appears that the felony conviction of April 12, 1956 will not support the enhancement of his punishment under Art. 63 of the Penal Code in Cause No. 9712 on November 17, 1964, and that therefore his sentence to life imprisonment in said Cause No. 9712 in this court on November 17, 1964 should be set aside. Crawford v. State, [Tex.Cr.App.] 435 S.W.2d 148; Ex parte Fuller, [Tex.Cr.App.] 435 S.W.2d 515."

Upon the findings of the trial court and in accordance with the holdings of the Supreme Court of the United States in Mempha v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336; McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2; Stiltner v. Rhay, D.C., 258 F.Supp. 487, cert. denied 385 U.S. 941, 87 S.Ct. 310, 17 L.Ed.2d 220, and the holdings of this Court in Crawford v. State, Tex.Cr.App., 435 S.W.2d 148; Ex parte Fuller, Tex.Cr.App., 435 S.W.2d 515; Ex parte Eiland, Tex.Cr. App., 437 S.W.2d 551 and Ex parte Fletcher, Tex.Cr.App., 442 S.W.2d 705, the relief is granted.

No part of the 1965 conviction can stand because of lack of counsel in one of the prior convictions. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

The applicant shall be released from the Department of Corrections in said Cause No. 9712 for delivery to the Sheriff of Lubbock County to answer to the indictment, except for that part which alleges the Terry County conviction.

It is so ordered.