Robert SMITH, with alias, Appellant,

v.

The STATE of Texas, Appellee.

No. 45257.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Rollin Khoury, Waco (Court appointed), for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the felony offense of shoplifting. Two prior convictions for felonies less than capital were alleged for enhancement under Article 63, Vernon's Ann.P.C. The plea of not guilty was entered. The punishment was assessed at life.

Complaint is made that the evidence is insufficient to support the conviction in that it was not shown the first prior conviction was final before the commission of the subsequent offense alleged for enhancement. He also complains that the court erred in refusing to strike unresponsive answers of a State's witness.

Thad Johnson testified that he was a security officer for several firms including Gibson's on Franklin Avenue in Waco. At approximately 10:15 p. m. and during a "midnight" sale at Gibson's shortly before Christmas he saw the appellant, Odessa Bibles and a woman he did not know enter the store. Johnson testified that Odessa was five feet two or three inches tall and weighed approximately three hundred pounds. He saw the three go to the men's department to a narrow aisle. Johnson then climbed upon a ladder in a storeroom some twelve feet away and observed Odessa take slacks from the racks and put them between her legs, which was a common way for shoplifters to work. The appellant was wearing a three-quarter length coat like "007" would wear and had on a beret. The appellant held up a shirt or something like it as though looking at it in the light. This shielded Odessa so that no one could see her. While doing this, he would hand Odessa a pair of slacks. The other woman companion held up clothing on the other side of the aisle and blocked the view from that end.

Later, the three went to the checkout stand together where Odessa paid for a few cents worth of items and went to the door. Johnson stopped them and asked Odessa about the merchandise she had between her legs. She did not reply. The appellant was quite indignant and used abusive language. Odessa had the keys to a car which was blocking one lane of traffic in an alley. Johnson told her that he knew she had the merchandise and wanted to talk to her about it. She got in the

back seat and threw three pair of slacks and two sweaters from the back seat of the car and cursed Johnson and said, "Here is your merchandise."

About this time a highway patrolman arrived and placed the three under arrest.

Michael Trantham of the Waco police department testified that he received a call and went to Gibson's store. He arrested the appellant, Odessa Bibles and the other woman, Joester Minniefield. Johnson handed Trantham three pair of slacks and two sweaters. Trantham then saw trouser legs hanging below Odessa's dress. He then put her back in the car and saw two more pair of trousers in the car. The merchandise found at the car contained Gibson's tags which reflected the total retail price to be $70.04. No sales slips were found for these items.

Jack Adams testified that he was manager of Gibson's store in question and that the value of the six pair of pants and two sweaters was $70.04.

The proof showed that Gibson's was a retail business establishment.

We hold the evidence is sufficient for the jury to conclude the appellant to be guilty as a principal to the offense of felony shoplifting.

The next complaint of the appellant is: "There is no evidence in the record to prove the allegations in the indictment (on the point of enhancement) that succeeding convictions both in time of commission of the offense and the conviction therefor."

The indictment contains an allegation that on the 6th day of June, 1958, in the 142nd Judicial District Court of Midland County, Texas, in Cause No. 2347, the appellant was convicted for burglary and was placed on probation for five years and that on the 29th day of April, 1960, such probation was revoked and appellant was sentenced. There is an allegation that on the 28th day of April, 1965, in the District Court of Bell County in Cause No. 15665

that the appellant was convicted for burglary of a private residence at nighttime with intent to commit theft and was sentenced therefor in June of 1965.

When the trial judge asked appellant at the penalty stage of trial how he pled after prior convictions alleged for enhancement were read, he answered, "guilty."

When an accused pleads guilty to an indictment before a jury, he admits all the incriminating facts to establish his guilt. Peterson v. State, Tex.Cr.App., 439 S.W.2d 841; Rojas v. State, Tex.Cr.App., 404 S.W.2d 30. In the present case the incriminating facts were proved before the jury. His plea of "guilty" to allegations of the prior convictions which were properly alleged was the mere admission of the historical facts as alleged. We hold that such plea obviated the necessity of proving the enhancement allegations.

He relies upon Jones v. State, Tex.Cr. App., 422 S.W.2d 183, where it is written:

"To enhance the punishment upon third conviction for felony less than capital, proof must be offered showing that second conviction was for offense committed after first conviction had become final, and defendant's admission that he had been convicted in two prior cases did not render such proof unnecessary. Vernon's Ann.P.C., art. 63."

There Jones admitted that he had been convicted for the offenses alleged in the indictment, but he did not admit that the prior conviction in each case was before the commission of the subsequent offense. There was no admission that such allegations were true, or plea of guilty at the punishment stage of the trial which admitted such facts as in the case at hand. The Jones case is not applicable.

It is also contended that reversible error was committed when the witness Thad Johnson gave an unresponsive answer when the following occurred. Johnson had just justified that the appellant and the

two women had gone to the trousers rack and had stated that they were close together. The prosecutor asked, "Where . . . " and the witness answered, "Very seldom does a shoplifter work by themself, they usually work with someone. . . . "

 Appellant's counsel objected that the answer was non responsive. The court sustained the objection. The witness then stated, "And we looked at this at the sense that they will work together. . . . " Counsel again objected and the court sustained it. The court did all he was called upon to do. No motion for mistrial was made. Had the court granted a mistrial on his own motion, without manifest necessity, former jeopardy would have attached and the appellant could not have been convicted for the offense on a subsequent trial. The trial court did not commit error.

While this case was pending on appeal, the appellant filed an application for a writ of habeas corpus in the convicting court in the present case alleging that one of the prior convictions alleged for enhancement under Article 63, V.A.P.C., was void, because he did not have counsel when his probation in that case was revoked.

The Honorable Carl Anderson, Judge of the 54th Judicial District Court of Mc-Lennan County, conducted the hearing. The record of the questioned conviction from Midland County which was introduced does not show that the appellant had counsel when his probation was revoked. Evidence of indigency and non waiver of counsel was introduced. Judge Anderson, upon conclusion of the hearing, found that the appellant was entitled to relief from that conviction. There is evidence in the record to support the finding.

Ordinarily, we do not consider habeas corpus matters attacking a prior conviction while the case involving such cause is on appeal. Judge Anderson conducted the hearing during the pendency of the appeal and found that relief should be granted.

Under the circumstances of this case, we have concluded that it would be a useless thing to require a separate proceeding after the appeal has become final. Therefore, we will consider the matter in disposing of the appeal.

The Midland County conviction according to the findings of Judge Anderson, with which we agree, shows a denial of counsel under the case of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. See Ex parte Fuller, Tex.Cr.App., 435 S. W.2d 515. Such conviction cannot be used for enhancement under Article 63, V.A.P. C.

The prior conviction for burglary with intent to commit theft in Bell County was for a like offense as shoplifting alleged in the present case and can be used for enhancement under Article 62, V.A.P.C. See Ex parte Scott, Tex.Cr.App., 485 S.W.2d 921 (1972).

The judgment and sentence should be, and are ordered, reformed to show the prior conviction from Bell County for enhancement and a punishment of ten years.

As reformed, the judgment of conviction is affirmed.