**Donious Roy YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46324.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Sam A. Maida, Houston (On Appeal only), for appellant.

Carol S. Vance, Dist. Atty., and John Holmes, Jr., Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On December 11, 1970, the appellant was found guilty of burglary with the intent to commit theft. His punishment was assessed at a term of ten years, probated. A condition of probation was that he commit no offense against the laws of this State. On December 7, 1971, a motion to revoke his probation was filed. It alleged that the appellant had violated the terms of his probation by committing the offense of "felony theft, shoplifting."

On February 11, 1972, a hearing was held, and the court found that the appellant had violated the condition of his probation as alleged in the motion to revoke.

Appellant contends that the trial court abused its discretion in revoking his probation because the evidence is insufficient to support the allegation.

The State called six witnesses in support of its motion. The evidence established that appellant entered the store with a companion, Albert R. Proctor, and proceeded to the ladies' coat department of Montgomery Ward in Houston. Josephine Machos, a saleswoman, testified that appellant and his companion were dressed in women's clothes and were trying on women's coats. She further testified that after observing the two try on two different coats she became suspicious and placed a call to the store's protection department. When appellant asked her for a light, she turned to look for a match and when she turned back, appellant's companion had disappeared. She stated that she asked appellant where his friend was and he replied, "What are you talking about, I didn't have any friend."

Brandon C. Smith, Jr., a store detective, testified that when he arrived at the department he was requested to give appellant a light. At the same time he observed appellant's companion departing the store. He then stated that appellant left in the same direction as his companion as soon as he had given him a light. Smith testified that he followed both of them to a car outside in the parking lot and that appellant and his companion met at the car where two others were waiting. Appellant's companion removed the coat and the driver of the car placed it underneath the back seat. The driver left the car to join appellant and the others who were then walking toward Weingartens. Smith then took the coat from the car.

Officer L. E. Sorrell of the Houston Police Department testified that while working in the store in plainclothes he had received a call from Smith and that he apprehended appellant and the others as they were returning to the car from Weingartens and attempting to leave the parking lot.

The value of the coat was shown to have been $80.00.

The appellant testified that he was in the store with Proctor but did not know Proctor was going to take the coat. Proctor testified he took the coat but the appellant did not know that he was going to do so. The trial court did not have to believe their testimony. We hold that the evidence is sufficient to support the finding of the trial court that appellant was acting as a principal with Proctor. See Smith v. State, Tex.Cr.App., 486 S.W.2d 374.

The motion to revoke alleged "felony theft, shoplifting." The proof supports either felony theft or shoplifting.

No abuse of discretion being shown, the judgment is affirmed.