**Harold HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52566.**

Court of Criminal Appeals of Texas.

June 14, 1977.

Rehearing Denied July 6, 1977.

Ronald E. Walker, Jr., Amarillo, for appellant.

Tom A. Curtis, Dist. Atty., Bruce P. Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

By per curiam opinion this appeal was dismissed because of an untimely sentence. The statutory requirements have now been properly followed and we reinstate this appeal.

Appellant was convicted by a jury for burglary of a habitation. The punishment, enhanced under V.T.C.A., Penal Code Sec. 12.42(b), was assessed by the jury at thirty years' imprisonment.

In a ground of error appellant asserts:

"The trial court erred in allowing the use of a prior conviction for enhancement at the punishment stage, said prior conviction being set out in paragraph 2 of the indictment, Cause No. 13,340, in the 47th District Court, Potter County, Texas, because the sentence in said Cause No. 13,340 was itself enhanced with a prior invalid conviction, said being Cause No. 11,078, 47th District Court, Potter County, Texas."

The record reflects that in 1961 appellant pled guilty to burglary in Cause No. 11,078 and was placed on probation. Subsequently probation was revoked, but appellant was at that time not represented by counsel, had not waived his right to counsel, and was indigent. This conviction was alleged in the third paragraph of the indictment.

In 1967 appellant was found guilty of burglary in Cause No. 13,340. Punishment was enhanced under Art. 62, V.A.P.C. (1925), on allegation and proof of the 1961 conviction in Cause No. 11,078. This conviction was alleged in the second paragraph of the indictment.

Prior to trial appellant filed a motion to strike paragraphs 2 and 3 of the indictment, alleging the 1961 conviction was void for denial of his right to counsel at the revocation of probation, and that the 1967 conviction was enhanced on the 1961 conviction. The court conducted a hearing on the motion and received evidence supporting its finding that appellant's right to counsel was violated at the revocation hearing in the 1961 case. Also, the State at that hearing conceded that the 1961 conviction "was probably void since he did not have an attorney at his revocation." The court granted the motion to strike the 1961 conviction, but denied the motion to strike the 1967 conviction. The 1967 conviction was used to enhance the instant conviction.

In support of his challenge to the 1967 conviction, appellant cites *Ex parte Herrera,* Tex.Cr.App., 493 S.W.2d 809. In that case the petitioner challenged a 1969 conviction that was enhanced under Art. 63, V.A.P.C. (1925). It was shown one of the two prior convictions relied on for enhancement was void for denial of the right to counsel at the revocation of probation. The conviction was set aside with citation of numerous cases.

In *Ex parte Langston,* Tex.Cr.App., 511 S.W.2d 936, the Court entertained a challenge on these grounds to a 1958 conviction. We held that:

"Although petitioner is no longer being confined under this Hunt County conviction [1958] due to his subsequent discharge of his sentence, the writ is granted for the purpose of securing him against further legal consequences arising from the void conviction."

*Smith v. State,* Tex.Cr.App., 486 S.W.2d 374, was a direct appeal from a conviction enhanced under Art. 63, supra. While that case was pending on appeal, the defendant filed a habeas corpus attack on one of the prior convictions used for enhancement, alleging a denial of counsel at the revocation of probation in that prior case. The convicting court held a hearing on the habeas application and found the petitioner-defendant was entitled to relief. The record with evidence supporting that finding was forwarded to this Court. There we stated:

"Ordinarily, we do not consider habeas corpus matters attacking a prior conviction while the case involving such cause is on appeal. Judge Anderson conducted the hearing during the pendency of the appeal and found that relief should be granted. Under the circumstances of this case, we have concluded that it would be a useless thing to require a separate proceeding after the appeal has become final."

 Upon consideration of *Ex parte Herrera* and *Ex parte Langston,* both supra, and the facts in the record before us, it appears that appellant could successfully challenge the 1967 conviction by habeas corpus. We also conclude, as we did in *Smith v. State,* supra, "[I]t would be a useless thing to require a separate proceeding after the appeal has become final," for the purpose of attacking the 1967 conviction, and then the instant conviction. The use of the 1961 conviction to enhance the 1967 conviction leads to the same conclusion reached in *Ex parte Allen,* Tex.Cr.App., 452 S.W.2d 472: "No part of the [1967] conviction can stand because of lack of counsel in one of the prior convictions." See also *Ex parte McDonald,* Tex.Cr.App., 469 S.W.2d 173.

On the foregoing authorities, we declare the convictions in Cause Nos. 11,078 and 13,340, in the 47th District Court of Potter County, each styled *The State of Texas vs. Harold David Lee Henderson,* to be void.

Because the instant conviction was enhanced in trial before a jury by use of the void 1967 conviction in Cause No. 13,340, we must reverse the judgment of conviction and remand the cause on the primary charge only.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The majority reverses this cause even though a valid prior conviction was used for enhancement. Such conviction has not been set aside. It has not been attacked except by a contention that a void prior conviction was used to enhance it.

The 1961 conviction for burglary is bad because probation was revoked when he was indigent, did not have counsel and did not waive counsel. However, this does not destroy the 1967 conviction for burglary in Cause No. 13,340 of the 47th Judicial District of Potter County which was the conviction used for enhancement of the present case.

The 1961 conviction was not used for enhancement in the present case. It was stricken. The only remaining paragraph for enhancement was the 1967 conviction. It has not been used for enhancement in any other case and there is no reason that it cannot be used in the present cause. This is not like the case where one receives probation and the revocation is void. He had counsel and the 1967 conviction was final.

The cases cited by the majority are not in point. They are not even close.

Apparently the majority is adopting a new rule. If a prior conviction has been used for enhancement and a later decision causes it to be void, then the majority will prevent the use of another prior conviction even though it is valid.

This conviction should not be reversed.