**Fred SCOTT, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–86–210–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 6, 1987.

Pamela J. Moore, Fort Worth, for appellant.

Fred Scott, pro se.

Tim Curry, Crim. Dist. Atty., and Delonia A. Watson, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

## OPINION

HILL, Justice.

Fred Scott appeals from the revocation of his probation upon his plea of not true to an allegation of theft of property of the value of less than $750. Scott's court-appointed lawyer on appeal filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969) in which she certified that Scott's appeal is frivolous and without merit. Subsequently, Scott filed a pro se brief. Scott's sole point of error is that the evidence is insufficient to support the revocation.

We reverse, because we find that the trial court abused its discretion in revoking

Scott's probation, since the evidence was insufficient to support the revocation.

■ The burden of proof in a revocation proceeding is by a preponderance of the evidence. *See Martin v. State*, 623 S.W.2d 391, 393 (Tex.Crim.App.1981). Where the sufficiency of the evidence to support the trial court's order is challenged, the evidence is viewed in a light most favorable to the trial court's findings. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App.1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App.1980).

■ Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *See Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Crim.App.), *appeal dismissed*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981). Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke probation. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).

■ Sandra Harten, an assistant store manager of a Sears store, testified that she had the care, custody, and control of the store's property of April 22, 1986, the date of the alleged theft. She said she did not give Scott permission to take the shorts and shirts which were removed from the store. She said the value of the items in Tarrant County was greater than $200 but less than $750.

Christine Grady testified that she was the security manager at Sears on the day in question. She identified Scott and a companion as those who appeared on a videotape which was taken by a store security camera. She described what is observable on the videotape. She said that Scott had handed the companion some of the items taken before the videotape started. Earlier she had said that Scott did not hand the companion the men's clothes she was carrying. She said she did not know if Scott knew when or if his companion ever put the clothes in a bag. She said that Scott's companion had carried some men's clothing with her into the fitting room, did not leave it in the fitting room, and it was not visible when she exited the fitting room and the store.

Allen Haggy testified that he worked for Sears security on the day in question. He said he saw Scott hand his companion a white shirt and a pair of white shorts while they were in the men's department, that he saw Scott's companion duck down behind some clothing racks, and that when she rose back up, she did not have the clothes in her hands. He related that Christine Grady searched the purse of Scott's companion after she and Scott had left the store and found the merchandise alleged to have been stolen. The items of merchandise had Sears' tags on them.

Officer T.S. Hunter of the Fort Worth Police Department identified Scott as the man he arrested at Sears on the day in question. He said that no stolen property was found in Scott's possession.

Scott testified in his own behalf. He said that he met the companion, whose name he did not know, at Sears. He related that they did not come to the store together, but that he saw her looking at clothes. He said that he did not see her conceal merchandise in her purse, that she did not tell him she was going to put merchandise in her purse, and that he was not aware she was stealing from Sears.

The two videotapes show Scott and his companion, both of whom appear to be shopping together in Sears. They can be seen looking at clothes. Scott's companion would occasionally pick clothing off the rack and carry it around the store. She can be seen carrying items with her into the dressing room and carrying some items, although not necessarily the same ones, back out. During a significant portion of the tape a building column blocks the camera's view of Scott and the companion. During that time, when they can be seen, they appear to be looking at clothes on the rack.

There was no direct testimony that Scott stole any property nor that he was aware that property was being stolen, nor that he intentionally assisted in the theft of the property. With respect to circumstantial

evidence, the witnesses at trial seemed to place emphasis on the fact that Scott looked around the store from time to time and that at one point during their "shopping" he handed his companion part of the merchandise which was taken. We do not find handing a fellow shopper merchandise or looking around a store to be any more consistent with Scott's guilt under the facts of this case than with his innocence.

The State does not cite any case in support of its conclusion that the evidence is sufficient.

We have examined a number of shoplifting cases in which the court discussed the sufficiency of the evidence. In all of the cases which we examined, the defendant was either seen taking or concealing the property, e.g., *Hill v. State,* 633 S.W.2d 520 (Tex.Crim.App.1981) and *Velasquez v. State,* 503 S.W.2d 239 (Tex.Crim.App.1973), or was directly observed assisting a companion in the theft, e.g., *Young v. State,* 489 S.W.2d 289 (Tex.Crim.App.1973); *Smith v. State,* 486 S.W.2d 374 (Tex.Crim. App.1972). In *Young,* the defendant, a male who was dressed in women's clothing, repeatedly asked store personnel for a light, while a companion disappeared with clothes. In *Smith,* the defendant shielded his companion with a shirt while the companion hid slacks between her legs. At the same time a second companion was shielding the first companion in the same way.

The State relies on the law of parties as contained in TEX. PENAL CODE ANN. sec. 7.02 (Vernon 1974) to support the conviction. However, there is no evidence in the record which would show that Scott even knew that his companion was committing an offense, much less that he participated with her in any way in its commission. We therefore find that the trial court abused its discretion in revoking Scott's probation. We sustain Scott's sole point of error.

We reverse the order of revocation and order that the motion for revocation be dismissed.

BURDOCK, J., dissents.

BURDOCK, Justice, dissenting.

I respectfully dissent.

The majority opinion reflects there was no direct testimony that Scott stole any property or intentionally assisted in the theft of the property. In its holding, the majority dismisses as insignificant eyewitness testimony that Scott handed a female merchandise which was later found in her purse.

Here, Allen Haggy, a security guard, testified that he saw Scott hand a female a white shirt and a pair of white shorts while they were in the men's department. The woman was carrying a large purse. Immediately after receiving the clothing from Scott, the woman ducked behind some clothing racks. When she arose, she did not have any merchandise in her hands. The security guard watched both Scott and the female select other clothes as they moved from the men's department to women's wear.

When they got to women's wear, the female picked up some women's clothing and went into a fitting room. Scott remained outside the fitting room, until the female emerged from the room and returned the women's garments to a clothing rack. As the two exited the store together, another security guard radioed to Haggy that no men's clothing had been found in the fitting room where appellant's female companion had taken the women's garments.

Haggy further stated that after Scott and the female were arrested outside the store, a search of the woman's purse produced four shorts and ten shirts with the price tags still in place. The search did not, however, uncover sales slips for these items.

I believe the evidence is sufficient to support a finding that Scott was acting as a principal with the unidentified female. Therefore, I would affirm the trial court's order revoking appellant's probation.

KELTNER and LATTIMORE, JJ., concur.