COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-498-CR
  
  
VICKIE 
ELAINE FELTERS                                                         APPELLANT
   
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        A 
jury convicted Appellant Vickie Elaine Felters of theft of property valued at 
more than fifty dollars but less than $500 dollars. The trial court sentenced 
her to 180 days’ incarceration in Denton County Jail and a $250 fine. In the 
oral pronouncement, the jail sentence was probated for 180 days, but in the 
written judgment, it was probated for twenty-four months. Appellant brings three 
points on appeal challenging the legal and factual sufficiency of the evidence 
and arguing that the trial court erred in failing to charge the jury on the 
lesser included offense of theft under fifty dollars. Because we hold that the 
oral pronouncement of sentence controls but also that the evidence is both 
legally and factually sufficient to support Appellant’s guilt and that the 
trial court did not err in refusing Appellant’s requested jury charge, we 
affirm the trial court’s judgment as modified.
Factual 
Background
        Appellant 
and Co-defendant Valerie Brooks went to J.C. Penney to shop for a baby shower 
Co-defendant was going to attend and to return some items Co-defendant allegedly 
was carrying in two Foley’s shopping bags. While Appellant and Co-defendant 
were in the store, Appellant was seen on the surveillance cameras handing 
Co-defendant some baby clothes and other items. Appellant and Co-defendant were 
then seen going around a clothes rack where they could not be seen. When they 
came back around the rack, they no longer had any clothes in their hands, and 
Co-defendant’s bags looked fuller than before. Co-defendant then went to the 
dressing room and came out with noticeably thinner shopping bags and without 
leaving any clothes or other items in the dressing room. The two women left 
without paying for anything. When Appellant and Co-defendant were stopped 
outside the store, the baby clothes Appellant had handed Co-defendant were found 
in a shoe box, along with other items, inside one of Co-defendant’s shopping 
bags. The surveillance videotapes were included in the evidence admitted before 
the jury.
Sufficiency of 
the Evidence
        In 
her first two points, Appellant challenges the legal and factual sufficiency of 
the evidence. The State correctly characterizes the issues as challenging not 
whether a theft occurred but whether the State proved Appellant was criminally 
responsible for the theft. Appellant points out that she did not remove a single 
item of merchandise from the store. She also argues that there is no evidence 
that she placed any item in Co-defendant’s shopping bag. She argues that the 
only evidence of her complicity is that she picked up a toy frog, a jumper or 
two, and perhaps another toy and handed them to Co-defendant. A person is guilty 
as a party, however, even if that person acts only intentionally or knowingly to 
promote or assist the commission of the offense by another by soliciting, 
encouraging, directing, aiding, or attempting to aid the other person to commit 
the offense.[1]  Although Appellant correctly 
points out that mere presence at the scene of an offense is not, in itself, 
sufficient to support a conviction, the reviewing court may look at events that 
occurred before, during, and after the actual offense in determining whether the 
evidence is sufficient to show the accused participated in the offense.[2]
        Appellant 
maintains that this court’s opinion in Scott v. State mandates 
reversal.[3]  Unlike the defendant and 
co-defendant in Scott, however, Appellant and Co-defendant entered the 
store together, knew each other, spoke together, shopped together, and stood 
together while Co-defendant placed items, some of which Appellant had handed to 
her, into the Foley’s shopping bags.  When Co-defendant went into the 
dressing room, Appellant remained nearby awaiting her.  The two women left 
the store together. The evidence clearly reflects more than mere presence. The 
jury would have been justified in finding that Appellant actively participated 
in choosing the items to be stolen, that she aided and assisted Co-defendant in 
stealing the merchandise, and that she acted as a lookout while Co-defendant was 
in the dressing room. The jury had the benefit of viewing the videotapes of the 
offense, and seeing and listening to the witnesses testify. Applying the 
appropriate standards of review,[4] we hold that the 
evidence is both legally and factually sufficient to support the jury’s 
verdict. We overrule Appellant’s first and second points on appeal.
Lesser Included 
Offense Instruction
        In 
her third point, Appellant argues that the trial court erred in refusing her 
request for a jury instruction on the lesser included offense of theft under 
fifty dollars.  As Appellant correctly points out, a charge on the lesser 
included offense is required when (1) the lesser included offense is included 
within the proof necessary to establish the charged offense and (2) there is 
some evidence in the record that would permit a jury rationally to find, that if 
the defendant is guilty, she is guilty only of the lesser included offense.[5]  Clearly, the first prong is met.
        The 
second prong, however, is more problematic. While the State proved the total 
value of the property stolen was $251.94, the only individual item for which the 
State proved the value was the toy frog.  It was valued at between twelve 
and twenty-four dollars.  The State argues that there was no specific 
evidence as to which items Appellant handled and their individual value.  
The State is partially incorrect. The record reflects that Appellant handled the 
green frog, a pink jumper, a yellow jumper, and another toy variously described 
as a rabbit and a “clown thing.”
        Appellant 
argues that the jury could have believed that she only aided and abetted in the 
theft of those items she personally selected. She points out that there was 
evidence she never paid attention to what was in the bags and that she never saw 
Co-defendant place any of the stolen items in the bags. The record, however, 
reflects that the contents of the Foley’s bags grew in volume until the bags 
were bulging. Appellant had at least as good a view of the outside of the bags 
as those persons conducting surveillance. Appellant saw Co-defendant go into the 
dressing room with bulging shopping bags and come out with visibly thinner 
shopping bags. She then accompanied Co-defendant as they exited the store 
without paying for anything. Based on the record before us, we cannot say that 
the evidence would permit a rational jury to find that Appellant was guilty of 
the lesser theft but not of the greater theft.[6]  
We overrule Appellant’s third point.
Oral 
Pronouncement of Sentence
        The 
State candidly points out that the judge orally suspended Appellant’s jail 
sentence and placed her on community supervision for a period of 180 days, but 
the written judgment of community supervision suspends the sentence and places 
her on community supervision for twenty-four months. Pursuant to Taylor v. 
State,[7] the State asks us to resolve the 
conflict between the oral pronouncement and the written sentence by modifying 
the judgment to reflect the oral pronouncement. The State’s point is well 
taken. We therefore modify the judgment to reflect 180 days of community 
supervision, not twenty-four months of community supervision.
Conclusion
        Having 
overruled Appellant’s three points, we affirm the trial court’s judgment as 
modified.
 
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
  
PANEL B:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
PUBLISH
DELIVERED: 
August 12, 2004


NOTES
1.  
Tex. Penal Code Ann. §§ 7.01, 
7.02 (Vernon 2003).
2.  
Id. § 7.02(a)(2); Harris v. State, 645 S.W.2d 447, 457-58 (Tex. 
Crim. App. 1983).
3.  
734 S.W.2d 756 (Tex. App.—Fort Worth 1987, pet. ref’d).
4.  
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry 
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000) (all providing legal sufficiency standard of review); Zuniga 
v. State, No. 539-02, 2004 WL 840786, at *4, 7, 9 (Tex. Crim. App. Apr. 21, 
2004); Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Cain 
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual 
sufficiency standard of review).
5.  
See Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).
6.  
See Feldman v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).
7.  
131 S.W.3d 497, 500 (Tex. Crim. App. 2004).