**Opinion issued July 2, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00727-CR**

———————————

**ALPHONSO SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 71088**

---

**MEMORANDUM OPINION**

Appellant, Alphonso Smith, was charged by indictment with evading arrest,[1]

enhanced by a prior conviction for aggravated robbery.[2]   Appellant pleaded not

---

[1]     *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (Vernon Supp. 2014).

guilty to the offense and not true to the enhancement. The jury found Appellant guilty, found the enhancement to be true, and assessed punishment at 13 years' confinement. In three issues, Appellant argues (1) the evidence was insufficient to establish he was the person who committed the offense, (2) the evidence was insufficient to support the assessment of attorneys' fees against him, and (3) he received ineffective assistance of counsel.

We modify the judgment and affirm the judgment as modified.

## Background

On July 5, 2013, Officer N. Ross, of the Freeport Police Department, was on patrol. While driving, he saw a car making a left-hand turn at an intersection with a stop sign. The car did not come to a complete stop. Officer Ross made eye contact with the person in the car as the person drove through the intersection. Officer Ross turned around on the street and began to follow the car. The driver began speeding, and Officer Ross pursued. Eventually, the driver crashed. Appellant got out of the car, and Officer Ross arrested him.

Before trial, the State amended its indictment against Appellant to include an enhancement paragraph, alleging Appellant had previously been convicted of aggravated robbery. Appellant filed a motion to quash the enhancement paragraph,

---

[2]  *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (Vernon Supp. 2014); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(F) (Vernon 2006).

alleging that the prior conviction was void. After a hearing a trial, the trial court denied the motion.

During the guilt-innocence phase of the trial, the prosecutor asked Officer Ross if he saw "the individual . . . in that vehicle that night." Officer Ross testified that he made eye contact with him. Later the prosecutor asked Officer Ross if the "individual who got out of that car that evening" was in the courtroom. Officer Ross said yes, identifying Appellant.

Before trial, the trial court determined that Appellant was indigent. Following trial, the trial court rendered a judgment of conviction against Appellant. The judgment of conviction assessed attorney's fees against Appellant. The trial court also appointed appellate counsel, due to Appellant's indigence.

## Sufficiency of the Evidence

In his first issue, Appellant argues the evidence was insufficient to establish he was the person who committed the offense. In his third issue, Appellant argues the evidence was insufficient to support the assessment of attorneys' fees against him.

### A.     Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013)

(citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in

the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.      Identity of Appellant**

Appellant argues that none of the evidence at trial establishes that he was the person who perpetrated the crime. To establish this gap in the State's burden, Appellant relies principally on the following exchange between Officer Ross and the prosecutor:

Q.      . . . Now, Officer Ross, the individual who got out of that car that evening --

A.      Yes, sir.

Q.      -- do you recognize him in the courtroom today?

A.      Yes, I do.

Q.      And could you indicate where he is sitting and an article of clothing that he is wearing, just point him out?

A.      Yes. He's seated right there wearing that gray long-sleeved shirt.

[The prosecutor]: Your Honor, may the record reflect that the witness has correctly identified the defendant in open court?

THE COURT: The record will so reflect.

Appellant argues that, while Officer Ross identified him as "the individual who got out of that car that evening," Officer Ross never identified him as the *driver* of the car. Accordingly, Appellant argues, the evidence is insufficient to establish he committed the offense of evading arrest with a motor vehicle. We disagree.

Officer Ross testified that "the individual" got out of the car. This means only one person got out of the car. *See* THE NEW OXFORD AMERICAN DICTIONARY 860 (2d ed. 2005) (defining "individual" as "a single human being as distinct from a group, class, or family"). As Appellant acknowledges, Officer Ross testified a short time earlier that, while the car was moving, he saw "the individual . . . in the vehicle that night." This evidence indicates that only one person was in the car in question and that the one person was Appellant.

Likewise, the trial court admitted into evidence the dash-cam video of the pursuit and arrest. After the driver is arrested, the video continues for over 13 minutes. The video shows that Officer Ross holstered his weapon after the driver was arrested, indicating no further safety risk remained. The video also shows police officers searching the car. Throughout the video, no other person leaves the car.

6

Finally, as the State points out, Officer Ross also testified that he believed "the defendant" was trying to flee and that he was attempting to detain "the defendant" that evening. We hold the jury could rely on all of this evidence to conclude that the person committing the offense of evading arrest was Appellant. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789 (holding jury is responsible for making reasonable inferences and reviewing courts must defer to such reasonable inferences).

We overrule Appellant's first issue.

## C.    Assessment of Attorneys' Fees

Before trial, the trial court determined that Appellant was indigent. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Vernon 2009). In order to assess attorneys' fees against a defendant, the trial court must "determine[] that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon 2009). An assessment of court costs in the judgment is reviewed for the sufficiency of the evidence supporting a determination that the defendant has the necessary financial resources. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

The State concedes and we agree that there is no evidence in the record suggesting that Appellant was no longer indigent or otherwise indicating that he had the financial resources to enable him to pay his attorneys' fees. Accordingly, we sustain Appellant's third issue.

## Ineffective Assistance of Counsel

In his second issue, Appellant argues he received ineffective assistance of counsel because his attorney failed to sufficiently prove that the judgment used to enhance his sentence was void.

### A. Standard of Review

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. *See* U.S. CONST. amend. VI. To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Andrews*, 159 S.W.3d at 101.

An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. We presume that a counsel's conduct falls within the wide range of reasonable professional assistance, and we will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews*, 159 S.W.3d at 101. When an appellant argues that his counsel rendered ineffective assistance by failing to make an objection, he must show that the trial court would have erred in overruling the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Jacoby v. State*, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

"In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Demonstrating ineffective assistance of counsel on direct appeal is "a difficult hurdle to overcome." *Id.* In order to establish it, "the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Id.*

## B.    Analysis

Before trial in this case, Appellant's trial counsel filed a motion to quash the enhancement paragraph in the indictment, claiming that the judgment from the enhancing offense was void. The indictment alleged that Appellant had previously been convicted of aggravated robbery, referring to an earlier case with the case number 22,623. Appellant's counsel argued that case number 22,623 had been enhanced by an even earlier conviction, identified as case number 14,608. He argued that the conviction in case number 14,608 was void due to the conviction being obtained in violation of Appellant's right to be represented by counsel. *See Ex parte Flores*, 537 S.W.2d 458, 459 (Tex. Crim. App. 1976) (holding judgment was void for conviction following revocation hearing when defendant was denied right to representation). By extension, Appellant argues the conviction in case number 22,623 was void. Based on his claim that the conviction in case number 22,623 was void, Appellant's counsel argued that the State could not rely on it to enhance the charges against Appellant in the underlying case. *See Henderson v. State*, 552 S.W.2d 464, 466 (Tex. Crim. App. 1977) (reversing conviction enhanced by void prior conviction).

Appellant acknowledges on appeal that, "in order to show that a conviction is void for denial of counsel, a defendant has the burden to show he was indigent, was not afforded counsel and did not voluntarily waive his right to counsel."

10

Appellant asserts that his trial attorney "made no attempt to offer support for his motion apart from the motion itself, the attachments to the motion and his argument." Appellant asserts that he was present at the hearing, but his trial counsel failed to call him to testify about the original void judgment. Appellant claims that his attorney's "failure to support that, which on its face, appears to be a valid motion to quash the enhancement paragraph with readily available evidence, namely, the record and his client, constitutes ineffective assistance of counsel."

Based on the current record, it remains unproven that the judgment of conviction in case number 14,608 is, in fact, void. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. To show ineffective assistance of counsel, a defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Andrews*, 159 S.W.3d at 102. Without evidence that the conviction in case number 14,608 is void, there is no proof that such evidence would have produced a different result in the proceeding. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) ("To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the applicant must show . . . [the witness's] testimony would have been of some benefit to the defense.").

We overrule Appellant's second issue.

## Conclusion

We modify the trial court's judgment, removing the assessment of attorneys' fees against Appellant.  We affirm the judgment as modified.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).