Vickie Elaine Felters v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-498-CR

VICKIE ELAINE FELTERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

OPINION

------------

A jury convicted Appellant Vickie Elaine Felters of theft of property valued at more than fifty dollars but less than $500 dollars.  The trial court sentenced her to 180 days’ incarceration in Denton County Jail and a $250 fine.  In the oral pronouncement, the jail sentence was probated for 180 days, but in the written judgment, it was probated for twenty-four months.  Appellant brings three points on appeal challenging the legal and factual sufficiency of the evidence and arguing that the trial court erred in failing to charge the jury on the lesser included offense of theft under fifty dollars.  Because we hold that the oral pronouncement of sentence controls but also that the evidence is both legally and factually sufficient to support Appellant’s guilt and that the trial court did not err in refusing Appellant’s requested jury charge, we affirm the trial court’s judgment as modified.

Factual Background

Appellant and Co-defendant Valerie Brooks went to J.C. Penney to shop for a baby shower Co-defendant was going to attend and to return some items Co-defendant allegedly was carrying in two Foley’s shopping bags.  While Appellant and Co-defendant were in the store, Appellant was seen on the surveillance cameras handing Co-defendant some baby clothes and other items.  Appellant and Co-defendant were then seen going around a clothes rack where they could not be seen.  When they came back around the rack, they no longer had any clothes in their hands, and Co-defendant’s bags looked fuller than before.  Co-defendant then went to the dressing room and came out with noticeably thinner shopping bags and without leaving any clothes or other items in the dressing room.  The two women left without paying for anything.  When Appellant and Co-defendant were stopped outside the store, the baby clothes Appellant had handed Co-defendant were found in a shoe box, along with other items, inside one of Co-defendant’s shopping bags.  The surveillance videotapes were included in the evidence admitted before the jury.

Sufficiency of the Evidence

In her first two points, Appellant challenges the legal and factual sufficiency of the evidence.  The State correctly characterizes the issues as challenging not whether a theft occurred but whether the State proved Appellant was criminally responsible for the theft.  Appellant points out that she did not remove a single item of merchandise from the store.  She also argues that there is no evidence that she placed any item in Co-defendant’s shopping bag.  She argues that the only evidence of her complicity is that she picked up a toy frog, a jumper or two, and perhaps another toy and handed them to Co-defendant.  A person is guilty as a party, however, even if that person acts only intentionally or knowingly to promote or assist the commission of the offense by another by soliciting, encouraging, directing, aiding, or attempting to aid the other person to commit the offense.
(footnote: 1)  Although Appellant correctly points out that mere presence at the scene of an offense is not, in itself, sufficient to support a conviction, the reviewing court may look at events that occurred  before, during, and after the actual offense in determining whether the evidence is sufficient to show the accused participated in the offense.
(footnote: 2)
 Appellant maintains that this court’s opinion in 
Scott v. State
 mandates reversal.
(footnote: 3)  Unlike the defendant and co-defendant in 
Scott
, however, Appellant and Co-defendant entered the store together, knew each other, spoke together, shopped together, and stood together while Co-defendant placed items, some of which Appellant had handed to her, into the Foley’s shopping bags.  When Co-defendant went into the dressing room, Appellant remained nearby awaiting her.  The two women left the store together.  The evidence clearly reflects more than mere presence.  The jury would have been justified in finding that Appellant actively participated in choosing the items to be stolen, that she aided and assisted Co-defendant in stealing the merchandise, and that she acted as a lookout while Co-defendant was in the dressing room.  The jury had the benefit of viewing the videotapes of the offense, and seeing and listening to the witnesses testify.  Applying the appropriate standards of review,
(footnote: 4) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict.  We overrule Appellant’s first and second points on appeal.

Lesser Included Offense Instruction 

In her third point, Appellant argues that the trial court erred in refusing her request for a jury instruction on the lesser included offense of theft under fifty dollars.  As Appellant correctly points out, a charge on the lesser included offense is required when (1) the lesser included offense is included within the proof necessary to establish the charged offense and (2) there is some evidence in the record that would permit a jury rationally to find, that if the defendant is guilty, she is guilty only of the lesser included offense.
(footnote: 5)  Clearly, the first prong is met.

The second prong, however, is more problematic.  While the State proved the total value of the property stolen was $251.94, the only individual item for which the State proved the value was the toy frog.  It was valued at between twelve and twenty-four dollars.  The State argues that there was no specific evidence as to which items Appellant handled and their individual value.  The State is partially incorrect.  The record reflects that Appellant handled the green frog, a pink jumper, a yellow jumper, and another toy variously described as a rabbit and a “clown thing.”

Appellant argues that the jury could have believed that she only aided and abetted in the theft of those items she personally selected.  She points out that there was evidence she never paid attention to what was in the bags and that she never saw Co-defendant place any of the stolen items in the bags.  The record, however, reflects that the contents of the Foley’s bags grew in volume until the bags were bulging.  Appellant had at least as good a view of the outside of the bags as those persons conducting surveillance.  Appellant saw Co-defendant go into the dressing room with bulging shopping bags and come out with visibly thinner shopping bags.  She then accompanied Co-defendant as they exited the store without paying for anything.  Based on the record before us, we cannot say that the evidence would permit a rational jury to find that Appellant was guilty of the lesser theft but not of the greater theft.
(footnote: 6)  We overrule Appellant’s third point.

Oral Pronouncement of Sentence

The State candidly points out that the judge orally suspended Appellant’s jail sentence and placed her on community supervision for a period of 180 days, but the written judgment of community supervision suspends the sentence and places her on community supervision for twenty-four months.  Pursuant to 
Taylor v. State,
(footnote: 7) the State asks us to resolve the conflict between the oral pronouncement and the written sentence by modifying the judgment to reflect  the oral pronouncement.  The State’s point is well taken.  We therefore modify the judgment to reflect 180 days of community supervision, not twenty-four months of community supervision.

Conclusion

Having overruled Appellant’s three points, we affirm the trial court’s judgment as modified.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED:  August 12, 2004

FOOTNOTES
1:
Tex. Penal Code Ann.
 §§ 7.01, 7.02 (Vernon 2003).

2:
Id.
 § 7.02(a)(2); 
Harris v. State
, 645 S.W.2d 447, 457-58 (Tex. Crim. App. 1983).

3:
734 S.W.2d 756 (Tex. App.—Fort Worth 1987, pet. ref’d).

4:
See
 
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (all providing legal sufficiency standard of review);
 Zuniga v. State
, No. 539-02, 2004 WL 840786, at *4, 7, 9 (Tex. Crim. App. Apr. 21, 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review).

5:
See
 
Rousseau v. State
, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

6:
See
 
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).

7:
131 S.W.3d 497, 500 (Tex. Crim. App. 2004).