Opinion Issued April 7, 2005









     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00819-CR




BRANDY ALIS MILLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 42936

 
MEMORANDUM OPINION
          A jury convicted appellant, Brandy Alis Miller, of manslaughter for recklessly
striking and killing a bicyclist with her vehicle, and the trial court assessed
punishment at seven years in prison. See Tex. Pen. Code Ann. § 19.04(a) (Vernon
2003). We determine whether (1) the evidence was legally sufficient to support the
conviction, (2) the evidence was factually sufficient to support the conviction, (3) the
trial court erred in failing to instruct the jury on a lesser-included offense, (4) the trial
court erred in failing to grant appellant’s motion for continuance, (5) the trial court
erred in instructing the jury on the crime of manslaughter, (6) the trial court erred in
admitting evidence of extraneous offenses at punishment, and (7) the trial court erred
in instructing the jury on voluntary intoxication. We affirm.
Facts
          On May 24, 2004, appellant left her grandmother’s home at midday,
approximately one and one-half hours after having arrived, during which time she had
ingested four different prescription medications: Vicoden,


 Baclofen,


 Soma,


 and
Arthrotec.


 Of these drugs, Vicoden, Baclofen, and Soma cause drowsiness and are
distributed with both verbal and written warnings regarding their side effects. Each
of the drugs is distributed with a warning that it may impair one’s ability to drive. 
          After having ingested the medications, appellant left her grandmother’s home
with her son and proceeded to drive to the grocery store. In route, appellant came
upon traffic congestion. Responding to the traffic, appellant pulled off of the
roadway and onto the shoulder, where she proceeded driving toward the approaching
intersection. Appellant was driving between 55 and 60 miles per hour, faster than the
posted speed limit. While driving on the shoulder of the road, appellant struck the
complainant, who was riding a bicycle, with her vehicle. Appellant never changed
her route of travel or speed. Witnesses never saw appellant’s brake lights come on
and never heard the squeal of tires. Appellant continued to drive down the shoulder
of the roadway until she ran into a trailer stopped at a red light, which caused her car
to collide into other vehicles and eventually come to a halt. 
          The complainant died at the scene. Appellant was life-flighted to Hermann
Hospital with her son. Sabrina Briggs, a paramedic at the hospital, noticed that
appellant’s speech was slurred, that her movement was sluggish, and that appellant
“appeared to be under the influence of something.” Briggs did not smell alcohol,
however. When hospital personnel removed appellant’s clothes, pink pills fell out
of her pocket. Appellant identified the pills as medication for tension headaches, but
could not recall their brand name. 
Sufficiency of the Evidence
          In her first and second points of error, appellant contends that the evidence was
legally and factually insufficient to support her conviction for manslaughter because
there was no evidence to show that appellant was reckless. 
A.      Standards of Review
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the crime’s essential elements beyond a reasonable doubt. Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000). We may not re-weigh the evidence and substitute our
judgment for that of the fact finder. King, 29 S.W.3d at 562. In our review of the
factual sufficiency of the evidence, we view all of the evidence neutrally, and we ask
whether the evidence, both for and against the finding, demonstrates that the proof
of guilt is so obviously weak as to undermine confidence in the jury’s determination
or whether the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof. Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004). 
Although our analysis considers all the evidence presented at trial, the trier of fact is
the exclusive judge of the facts, the credibility of witnesses, and the weight to be
given their testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).
B.      The Law
          A person commits manslaughter if she recklessly causes the death of an
individual. Tex. Pen. Code Ann. § 19.04(a). A person acts recklessly with respect
to circumstances surrounding her conduct or the result of her conduct when she is
aware of, but consciously disregards, a substantial and unjustifiable risk that the
circumstances exist or the result will occur. Id. § 6.03(c) (Vernon 2003). The risk
must be of such a nature and degree that its disregard constitutes a gross deviation
from the standard of care that an ordinary person would exercise under all
circumstances as viewed from the actor’s standpoint. Id.; Garza v. State, 50 S.W.3d
559, 564 (Tex. App.—Houston [1st Dist.] 2001, no pet.). “At the heart of reckless
conduct is conscious disregard of the risk created by the actor’s conduct.” Lewis v.
State, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975). Recklessness can be applied
generally to the act of driving. See Porter v. State, 969 S.W.2d 60, 63 (Tex.
App.—Austin 1998, pet. ref’d). 
C.      Legal Sufficiency
          Appellant asserts that the evidence is legally insufficient to support the
conclusion that she acted recklessly because no evidence showed that her driving
constituted deliberate, conscious indifference and because no proof was offered to
show that she knew the complainant was cycling along the shoulder of the highway
when the collision occurred. 
          Appellant relies on the definition of “reckless driving” provided by the Texas
Transportation Code, which provides that a person commits the offense of reckless
driving by driving a vehicle in wanton and willful disregard for the safety of persons
or property. See Tex. Transp. Code Ann. § 545.401(a) (Vernon 2003). Under
section 545.401 of the Texas Transportation Code, willful and wanton disregard
means the deliberate, conscious indifference to the safety of others. Id. However, a
jury convicted appellant of manslaughter, a criminal offense. Therefore, appellant’s
conduct should be evaluated under the definition of “recklessness” in the Texas Penal
Code, rather than the definition of “reckless driving” found in the Texas
Transportation Code. Under section 6.03 of the Texas Penal Code, recklessness
means that a person consciously disregards a substantial and unjustifiable risk that the
circumstances exist or that the result will occur. Tex. Penal Code Ann. § 6.03(c). 
          Viewed in the light most favorable to the verdict, the evidence shows that 
appellant ingested four different medications: Vicoden, Baclofen, Soma, and
Arthrotec. Then, less than one and one-half hours later, appellant proceeded to drive
to the grocery store. In route, appellant drove on the right shoulder of the highway
at a rate exceeding the legal speed limit of 50 miles per hour. While on the shoulder,
appellant struck a bicyclist with her car, who died upon impact. Appellant never
slowed down or altered her route of travel. Appellant’s vehicle came to a stop in an
intersection only after she collided with a trailer and other vehicles. 
          At trial, appellant admitted that she was familiar with the roadway and its
traffic laws; knew that a person might be changing a tire, walking, or riding a bicycle
on the shoulder at any given time; knew that driving on the shoulder in excess of the
speed limit was dangerous; and knew that the medications that she had taken could
impair her ability to drive.
          Contrary to appellant’s contention, the State had no obligation to prove that
appellant knew that the complainant was riding his bicycle along the shoulder of the
road. It is not necessary to prove that appellant was aware of the specific risk of
another’s death in order to commit manslaughter. See Trepanier v. State, 940 S.W.2d
827, 829 (Tex. App.—Austin, 1997, pet. ref’d) (holding that appellant created
substantial and unjustifiable risk when he moved onto shoulder in order to pass
delivery truck on right-hand side and that appellant consciously disregarded risk of
killing bicyclist traveling on that shoulder). 
          We hold that there was legally sufficient evidence from which the jury could
have concluded beyond a reasonable doubt that appellant voluntarily created a
substantial and unjustifiable risk when she moved onto the shoulder of the road in
order to pass other traffic and that she consciously disregarded the admitted risk of
killing a bicyclist traveling legally on that shoulder. 
          We overrule appellant’s first point of error. 
D.      Factual Sufficiency
          Appellant also contends that the evidence was factually insufficient to support
her conviction for manslaughter. Specifically, appellant contends that there was no
evidence of conscious indifference, no evidence to show that the prescription drugs
that she had ingested caused the accident, and no evidence to prove that she was
driving while intoxicated. 
          Relying on White v. State, 647 S.W.2d 751, 753 (Tex. App.—Fort Worth 1983,
pet. ref’d), appellant contends that “willful and wanton disregard” in the context of
reckless driving means “the deliberate conscious indifference to the safety of others.” 
Appellant asserts that because she testified that she never saw the complainant before
she struck him, she could not have acted with conscious indifference. 
          Appellant’s own testimony at trial contradicts her assertion that she did not act
with conscious indifference. Appellant admitted that she had driven on the road
where the accident took place many times before, that she was not in the habit of
driving on the shoulder because people might be there if they had a flat tire or were
riding a bicycle, and that driving on the shoulder of the road is a dangerous act. The
jury, as the exclusive trier of the facts, could apply recklessness to appellant’s act of
driving generally and not focus its attention only on whether appellant saw that she
had struck the complainant. See Porter, 969 S.W.2d at 63. 
          Appellant also contends that there was no evidence to show that the
prescription medications that she ingested caused the accident or that she was driving
while intoxicated. Specifically, appellant asserts that the nurse at the hospital could
not rule out a head injury to account for appellant’s slurred speech and sluggish
movements and that the pharmacist who testified regarding the side effects of the
drugs that she had ingested did not offer any testimony as to appellant’s level of
impairment. 
          First, the State was not required to show that appellant was intoxicated;
intoxication is not an element of manslaughter. See Tex. Pen. Code Ann. § 19.04. 
Second, the fact that the State did not introduce an expert to testify that appellant’s
ingestion of the medications actually caused her to become intoxicated and to strike
the complainant does not negate the evidence in the record that appellant was
intoxicated. Although appellant denies having been impaired in any way at the time
of the accident, she admitted that she remembered nothing about driving on the
shoulder or striking the complainant with her car. Furthermore, a paramedic testified
that appellant was “definitely impaired.” 
          After examining all of the evidence neutrally, we find that the proof of guilt
was not so obviously weak as to undermine confidence in the jury’s determination;
nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard
could not have been met. Therefore, the evidence at trial was factually sufficient to
show that appellant acted recklessly.
          We overrule appellant’s second point of error.
Jury Instruction
          In her sixth point of error, appellant contends that, because the evidence was
legally insufficient to support her conviction for manslaughter, the trial court erred
in submitting the jury charge on manslaughter.
 
          We review the trial court’s submission of jury instructions under an abuse-of-discretion standard. Wesbrook, 29 S.W.3d at 122. A jury charge on an offense is
appropriate when the evidence in the case is legally sufficient to support a conviction
for that offense. Felters v. State, 147 S.W.3d 488 (Tex. App.—Fort Worth 2004, pet.
filed).
          Because we have concluded that the evidence was legally sufficient to support
appellant’s conviction for manslaughter, the trial court did not err in submitting the
jury charge. See id. 
          We overrule appellant’s sixth point of error.
Motion for Continuance
          In her third and fourth points of error, appellant contends that the trial court
abused its discretion in denying her motion for continuance based on the State’s
alleged failure to give her notice of its intent to introduce extraneous acts during the
punishment phase and that the trial court erred in admitting those extraneous acts
because of lack of proper notice.A.Standard of Review
          We review a trial court’s ruling on a motion for continuance under an abuse-of-discretion standard. Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App.
1995). We review the trial court’s determination regarding the admissibility of
extraneous offenses for abuse of discretion. Id. So long as the trial court’s ruling was
within the “zone of reasonable disagreement,” there is no abuse of discretion, and we
must uphold the ruling. Id.
B.      The Law
          Rule 404(b) of the Texas Rules of Evidence provides that, upon an accused’s
timely request, reasonable notice must be given prior to trial of the State’s intent to
introduce extraneous evidence in its case-in-chief. Tex. R. Evid. 404(b). The
purpose behind rule 404(b) is to prevent surprise. Hayden v. State, 66 S.W.3d 269,
272 (Tex. Crim. App. 2001). Texas Code of Criminal Procedure article 37.07,
pertaining to sentencing, provides that, upon a defendant’s request, notice of intent
to introduce evidence of extraneous acts during the punishment phase must be given
in the same manner as required by rule 404(b). Tex. Code Crim. Proc. Ann. art.
37.07, § 3(g) (Vernon Supp. 2004-2005). 
          Appellant did not properly request notice of the extraneous acts that the State
used at the punishment stage of trial. Appellant made a request on March 24, 2004
that stated, “Let this letter serve as my request for any extraneous offenses or 404(b)
matters that you intend to use at the trial . . . ” Appellant’s request was made pursuant
to rule 404(b) and made no reference to article 37.07 of the Code of Criminal
Procedure. A request made pursuant to rule 404(b) is not sufficient to obligate the
State to disclose extraneous evidence that it intends to introduce at the punishment
phase of trial. Williams v. State, 933 S.W.2d 662, 666 (Tex. App.—Eastland 1996,
no pet.). Because appellant’s request was made pursuant to rule 404(b), and made no
mention of article 37.07, the State was required to disclose only those extraneous
offenses that it intended to use during its case-in-chief. See Tex. R. Crim. Evid.
404(b). “Case-in-chief” concerns only evidence relevant to the guilt phase of the
trial; thus, the State was obligated to disclose only those extraneous offenses that it
intended to use during the guilt phase of the trial. See Williams, 933 S.W.2d at 666. 
Because the State was not obligated to inform appellant regarding extraneous
offenses that it intended to use during the punishment phase of trial, the trial court did
not abuse its discretion in refusing to grant appellant’s motion for continuance based
on lack of notice or in admitting the extraneous offense evidence during punishment.



We overrule appellant’s third and fourth points of error.Lesser-Included Offense
          In her fifth point of error, appellant contends that the trial court erred by failing
to instruct the jury on the lesser-included offense of criminally negligent homicide. 
A.      Standard of Review
          In determining whether a charge on a lesser-included offense is required, we
apply a two-step analysis. See Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim.
App. 1993). Under Rousseau, first a party must establish that the lesser included
offense must be included within the proof necessary to establish the charged offense.
Id. at 672. Second, the record must include some evidence that would permit a jury
rationally to find that, if guilty, the defendant is guilty only of the lesser included
offense. Rousseau, 855 S.W.2d at 672; Royster v. State, 622 S.W.2d 442, 447 (Tex.
Crim. App. 1981). 
          In determining whether any evidence exists in the record that would permit a
rational jury to find that the defendant is guilty only of the lesser-included offense,
anything more than a scintilla of evidence is sufficient to entitle a defendant to a
lesser charge. Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). We
review all evidence introduced at trial to determine whether the trial court erred in
failing to instruct the jury on a lesser-included offense. Enriquez v. State, 21 S.W.3d
277, 278 (Tex. Crim. App. 2000); Banda v. State, 890 S.W.2d 42, 60 (Tex. Crim.
App. 1994). Credibility determinations and conflicts in the evidence are not factors
to consider in determining whether the trial court erred in failing to instruct the jury
on a lesser-included offense. Banda, 890 S.W.2d at 60.
 
B.      The Law
          A person commits manslaughter if he recklessly causes the death of an
individual. Tex. Pen. Code Ann. § 19.04(a). A person commits criminally negligent
homicide if he causes the death of an individual by criminal negligence. Tex. Pen.
Code Ann. § 19.05(a) (Vernon 2003). A person acts with criminal negligence when
he ought to be aware of a substantial and unjustifiable risk that the circumstances
exist or that the result will occur. Tex. Pen. Code Ann. § 6.03(d) (Vernon 2003). 
The risk must be of such a nature and degree that the failure to perceive it constitutes
a gross deviation from the standard of care that an ordinary person would exercise
under all the circumstances as viewed from the actor’s standpoint. Id. Criminally
negligent homicide is a lesser-included offense of manslaughter. Lewis, 529 S.W.2d
at 553.Appellant contends that the trial court erred in failing to instruct the jury on
criminally negligent homicide because she lacked the necessary mens rea to support
the conviction for manslaughter. The State concedes that the first requirement of
Rousseau has been met; however, the parties dispute whether there is evidence
showing that appellant, if guilty, is guilty only of criminally negligent homicide. 
Appellant asserts that the fact that she told a paramedic that she “had looked down
for just a second, and when she looked back up, she had been in an accident” is
evidence that her conduct was a gross deviation from the standard of care of an
ordinary person, rather than evidence demonstrating conscious indifference on her
part. Thus, appellant asserts that evidence exists to show that she is guilty only of
criminally negligent homicide.

          

We hold that appellant fails to meet the second prong under Rousseau. The
evidence adduced at trial showed that appellant was aware of the fact that driving
along the shoulder of the highway at a speed exceeding the posted limit was
dangerous because a person could be present on the shoulder of the road. The fact
that appellant stated that she looked down and that, when she looked back up, she had
been in an accident does not show that appellant was unaware of the risk that driving
along the shoulder of the road posed. 
          We overrule appellant’s fifth point of error.
Jury Instruction on Voluntary Intoxication
          In her seventh point of error, appellant contends that the trial court erred by
expressing an opinion on the facts of the case by instructing the jury on voluntary
intoxication. Appellant contends that the court’s instruction was error because
appellant did not raise temporary insanity as a defense. A. Standard of Review
          A trial court may not express an opinion on the weight of the evidence,
summarize testimony, or discuss facts in its charge to the jury. Tex. Code Crim.
Proc. Ann. art. 36.14 (Vernon Supp. 2004-2005); Posey v. State, 840 S.W.2d 34, 40
(Tex. App.—Dallas 1992, pet. ref’d). When a complaint is made that the trial court
expressed its opinion or commented upon the weight on the evidence in the charge,
we must review the language of the jury charge to determine whether the language
used therein was sufficiently limited so as not to express the court’s opinion as to the
truth or accuracy of the disputed facts. Taylor v. State, 7 S.W.3d 732, 739 (Tex.
App.—Houston [14th Dist.] 1999, no pet.). When sufficiently limiting language is
used, the jury will not presume that the defendant is guilty of the crime charged from
the court’s language; if limiting language is not used, a jury charge should be
reviewed as a whole, rather than as a series of isolated statements, to determine
whether the defendant suffered egregious harm. Id. 
B.      The Law
          Voluntary intoxication will not excuse a defendant’s actions. Tex. Pen. Code
Ann. § 8.04 (Vernon 2003); Taylor v. State, 885 S.W.2d 154, 156 (Tex. Crim. App.
1994). A defendant need not rely upon intoxication as a defense in order to implicate
voluntary intoxication. See Taylor, 885 S.W.2d at 156. Rather, if there is evidence
from any source that might lead a jury to conclude that the defendant’s intoxication
somehow excused his actions, an instruction is appropriate. Id. at 158.
          Appellant contends that the trial court expressed an opinion on the facts by
instructing the jury that voluntary intoxication was not a defense because the
instruction can be given only when the defendant relies on temporary insanity as a
defense and appellant did not rely on it in this case. Indeed, appellant argues that
there was no evidence raised by any party suggesting that appellant relied on
temporary insanity as a defense.
          Appellant relies on Gonzales v. State, 838 S.W.2d 848 (Tex. App.—Houston
[1st Dist.] 1992), pet. dism’d as improvidently granted, 864 S.W.2d 522 (Tex. Crim.
App. 1993)), to support her contention that instructing the jury on voluntary
intoxication was error. In Gonzales, on appeal from a conviction on a lesser-included
charge of voluntary manslaughter, this Court reversed the judgment of conviction
because the trial court had given an instruction on voluntary intoxication during the
guilt stage of trial. Id. at 864. This Court, citing authority of the Court of Criminal
Appeals, held that such an instruction is proper during the guilt stage only if the
defendant claimed as a defense that he was too intoxicated to have committed the
offense. Id. at 866 (referring to Jaynes v. State, 673 S.W.2d 198, 201-02 (Tex. Crim.
App. 1984)). 
          However, in Taylor v. State, the Court of Criminal Appeals more recently
discussed whether a defendant must rely on intoxication in an effort to excuse her
actions before an instruction on voluntary manslaughter is called for. See Taylor, 885
S.W.2d at 156. The Court noted that, in Jaynes v. State, 673 S.W.2d 198 (Tex. Crim.
App. 1984), it had held that, when there was considerable evidence of the defendant’s
intoxication, and the defendant asserted a lack-of-knowledge defense, the trial court
properly instructed that voluntary intoxication is no defense. Jaynes, 673 S.W.2d at
202. 
          Likewise, here, ample evidence was adduced at trial that appellant was
intoxicated at the time that she struck the complainant, and appellant asserted that she
did not remember driving on the shoulder of the roadway or striking the complainant.
Specifically, a paramedic testified that appellant’s speech was slurred, that her
movement and speech were sluggish, and that appellant was “definitely impaired.” 
Also, a pharmacist testified that the combination of drugs that appellant had ingested
would have caused drowsiness and impaired her ability to drive. Finally, appellant
herself testified that she had ingested four prescription medications, that she did not
remember ever driving on the shoulder of the road, and that she had looked down and,
when she looked back up, she had been in an accident. All of this evidence supports
the conclusion that appellant was impaired and that her impairment might have
contributed to her defense of lack of knowledge that she had struck the complainant. 
Because there was considerable evidence that appellant was intoxicated and because
she asserted a lack-of-knowledge defense, the trial court did not err in instructing the
jury regarding involuntary intoxication. See Taylor, 885 S.W.2d at 158; Haynes v.
State, 85 S.W.3d 855, 858 (Tex. App.—Waco 2002, pet. ref’d) (holding that
instruction on voluntary intoxication is appropriate when defendant charged with
manslaughter did not advance defense based on intoxication). 
          We overrule appellant’s seventh point of error.Conclusion
 
          We affirm the judgment of the trial court.
 
 
 
 
 
                                                             Tim Taft                                                                                                            Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).