Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ARTURO QUIROZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00484-CR

Appeal from the

205th District Court

of El Paso County, Texas

(TC# 20030D00447)




O P I N I O N

           This is an appeal from a jury conviction for the offense of theft in an amount less than
$1,500 enhanced by the allegation of two prior convictions each of a grade of theft. The
court assessed punishment at twenty months in a state jail facility. We affirm the judgment
of the trial court.
I. SUMMARY OF THE EVIDENCE
           At trial, Jorge Aguirre testified that he was a loss prevention officer at Wal-Mart #500
on Transmountain Road in El Paso County, Texas. On December 27, 2002, he was working
at that store with his partner, Curven Ophord. Aguirre observed Appellant enter the store
through the Tire/Lube Express Department. He went to the furniture department where he
found an empty shopping cart. He proceeded to the fabrics department where he took a
boxed sewing machine off the shelf and he placed it in the shopping cart. He then went to
the furniture department and he put a boxed TV/VCR combo cart/stand in the shopping cart. 
He left the shopping cart with the items in the store, and he exited the store. Aguirre stayed
with the merchandise while Curven Ophord followed Appellant outside.
           Aguirre then saw a second individual, Larry Lynch, enter the store with Appellant. 
They went to the shopping cart that had been left behind. Appellant handed a receipt to
Lynch, and they proceeded to the Customer Service Department. The witness related that
Appellant pointed to the customer service desk. He then walked away. Lynch proceeded to
the customer service desk. Aguirre testified that he had instructed the customer service
representative to give the refund to Lynch. After Lynch had gotten the refund in cash,
Aguirre apprehended him. Lynch told Aguirre that Appellant was in a vehicle outside the
store. Aguirre testified that the property selected by Appellant and then returned by Lynch
was taken without consent, and it had an approximate value of $252.36.
           On cross-examination, Aguirre testified that the merchandise was never taken out of
the store. He stayed fifteen to twenty feet away from Appellant and Lynch and he did not
hear any conversation between them. Aguirre testified that he only had the receipt given by
the store to Lynch for the refund. The receipt that Appellant gave to Lynch and Lynch used
at the service desk was “in another file.” Aguirre related that it was not necessary to have
a receipt to return merchandise at Wal-Mart. He stated that the store had surveillance
videotape cameras.
           Curven Ophord testified that he was a loss prevention officer at the Wal-Mart store. 
On December 27, 2002, he saw Appellant enter the lube express entrance to the store. He
did not have any bags or property with him. He observed Appellant get a sewing machine
from the fabrics department and place it in the shopping cart. Appellant then went to the
furniture department where he got a TV/VCR stand which he put into the cart. Appellant left
the shopping cart at the furniture department and exited the store. Ophord saw Appellant
talking to an individual later identified as Larry Lynch. They both entered the store and went
to where the shopping cart had been left. Neither individual entered the store with any bags
or property.
           Ophord testified that he was twenty feet away when he saw Appellant place a pink
sticker on the top of the sewing machine box. The witness related that the door greeters
place a pink sticker on items that customers want to return. Lynch took the cart to the
customer service desk, and Appellant exited the store. Ophord stayed to observe the
transaction. He had advised the customer service representative to give Lynch the refund. 
On cross-examination, Ophord stated that he did not see either Appellant or Lynch get any
pink stickers from any of the greeters.
           Arturo Gutierrez testified that he worked for the El Paso Police Department. He
related that on December 27, 2002, he and another unit were dispatched to the Wal-Mart
store on Transmountain Road. Upon arrival, he saw two individuals in handcuffs. He stated
that he thought some photographs were taken of the evidence. He identified State’s Exhibit
No. Two as the receipt given to Larry Lynch by the customer service representative. After
gathering the evidence, he arrested Appellant and transported him to the Northeast Regional
Command police station for processing.
           John Milam testified on behalf of Appellant. He stated that he was then residing in
a state jail unit. He related that Appellant was his cousin and best friend. On December 27,
2002, he and Appellant went to Wal-Mart with another individual named Larry Lynch. They
parked by the gardening section of the store. Lynch went into the store to purchase some
items and he never came back out. Milam went into the store to find Lynch but he did not
see him. As he returned to the car, he saw Appellant being pulled out of the car and arrested
by store security people. He went to the bus stop and left the area. Milam asserted that
Appellant had stayed with him in the car the whole time, and Appellant had stayed in the car
when Milam went to look for Lynch.
II. DISCUSSION
           In Issue Nos. One and Two, Appellant asserts that the evidence is legally and factually
insufficient to support the conviction. In reviewing the legal sufficiency of the evidence, we
are constrained to view the evidence in the light most favorable to the judgment to determine
whether any rational trier of fact could find the essential elements of the offense, as alleged
in the application paragraph of the charge to the jury, beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d
234, 239 (Tex. Crim. App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 
1987). More particularly, sufficiency of the evidence should be measured by the elements
of the offense as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex. App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex. App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22 (Tex.
App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and
implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial
in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we
resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at
843 (quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref’d).
           In conducting a factual sufficiency review, we view the evidence in a neutral light to
determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. 
We set aside the fact finder’s verdict only if (1) the evidence supporting the verdict, when
considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. 
App. 2004). However, our factual sufficiency review must be appropriately deferential so
as to avoid substituting our judgment for that of the fact finder. Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996). Accordingly, we are authorized to set aside the jury’s
finding of fact only in instances where it is manifestly unjust, shocks the conscience, or
clearly demonstrates bias. Id. at 135. If the evidence is factually insufficient, we remand to
the trial court for a new trial. Id. at 133-35.
           The indictment read in relevant part:
[O]n or about the 27th day of December, 2002 and anterior to the presentment
of this indictment, in the County of El Paso and State of Texas, ARTURO
QUIROZ, hereinafter referred to as Defendant, did then and there
unlawfully appropriate, by acquiring and otherwise exercising control over
property other than real property, to-wit: sewing machine, TV/VCR cart, of
the value of less than $1,500 from JORGE AGUIRRE, the owner thereof,
with intent to deprive the said owner of said property, and without the effective
consent of said owner, . . . .

           The application paragraph in the court’s charge to the jury read in pertinent part:
 
Now, if you find from the evidence beyond a reasonable doubt that on
or about the 27th day of December, 2002 in El Paso County, Texas, the
Defendant, ARTURO QUIROZ, did then and there unlawfully appropriate, by
acquiring and otherwise exercising control, over property other than real
property, to wit: sewing machine, TV/VCR cart, of the value of less than
$1,500 from Jorge Aguirre, the owner thereof, with intent to deprive the said
owner of said property, and without the effective consent of said owner. [And
it is further presented in and to said court, that before, the commission of the
offense alleged above, the Defendant had been convicted twice of a grade of
theft.] Then you will find the Defendant, ARTURO QUIROZ, guilty as
charged in the indictment.

           The arguments for Appellant’s legal and factual insufficiency claims are predicated
upon his assertions that he was neither a principal actor nor a party to the offense of theft
because he did not leave the store with the property; further, the theft was not of the property
listed in the indictment, but of the money that Lynch received as a refund for the sewing
machine and the TV/VCR cart. In other words, Appellant claims two errors in the State’s
proof of the commission of the offense of theft: (1) the State failed to prove that he was a
principal actor in the theft of the sewing machine and the cart, and (2) the difference between
the offense alleged in the indictment (theft of sewing machine and cart) was different from
the proof at trial (theft of refund money), thereby causing a fatal variance. Appellant also
asserts that the State’s proof failed because it failed to introduce the property or photographs
of the property into evidence.
           Regarding the insufficiency assertion, the State maintains that Appellant was guilty
both as a principal and a party. However, we will only address Appellant’s culpability as a
party. The trial court did not charge the jury in the application paragraph that Appellant
could be convicted as a party to the offense. However, a court’s failure to expressly
authorize in its charge a defendant’s conviction as a party does not require the court of
appeals to disregard the law of parties in reviewing the sufficiency of the evidence. See
Howard v. State, 966 S.W.2d 821, 825 (Tex. App.--Austin 1998, pet. ref’d). Instead we will
measure the sufficiency of the evidence against the hypothetically correct charge. See Malik,
953 S.W.2d at 240. That includes a hypothetical correct charge that properly applies the law
of parties to the facts. Howard, 966 S.W.2d at 825.
           A person commits the offense of theft if he, without the owner’s consent, appropriates
property with the intent to deprive the owner of the property. See Tex. Penal Code Ann.
§ 31.03(a), (b) (Vernon Supp. 2004-05). A person is criminally responsible as a party to an
offense if the offense is committed by the conduct of another for which he is criminally
responsible. See Tex. Penal Code Ann. § 7.01(a) (Vernon 2003). A person is criminally
responsible for an offense committed by the conduct of another if, with intent to promote or
assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid
the other person to commit the offense. See Tex. Penal Code Ann. § 7.02(a)(2) (Vernon
2003).
           In the present case, Appellant obtained the property and left it in the store. He entered
the store with Lynch, they knew each other and spoke together. Appellant placed the pink
sticker on the merchandise and handed Lynch what was characterized as a receipt. Appellant
directed Lynch to the customer service desk and waited for him outside the store. In
contravention of this evidence, John Milam testified that Appellant stayed with him in the
car the whole time Lynch was in the store. The testimony of both loss prevention officers
countered that testimony. We find that the evidence is legally and factually sufficient to
allow Appellant’s conviction as a party to the offense. See Felters v. State, 147 S.W.3d 488,
489-91 (Tex. App.--Fort Worth 2004, pet. ref’d).
           Next, Appellant maintains that there was a material variance between the indictment
and the proof adduced at trial. Specifically, Appellant asserts that he did not steal the sewing
machine and the TV/VCR cart as alleged in the indictment; rather, he contends that it was
the refund money that was stolen and not the merchandise. A variance occurs when there is
a discrepancy between the allegations in the indictment and the proof presented at trial. 
Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). When a sufficiency of
evidence claim is based upon a variance between the indictment and the proof, only a
material variance will render evidence insufficient. Id. at 257. The widely-accepted rule is
that a variance that is not prejudicial to a defendant’s substantial rights is immaterial. Id. at
247-48. In determining whether a defendant’s substantial rights have been prejudiced, two
questions are generally asked, (1) did the indictment, as written, inform the defendant of the
charge against him sufficiently to allow him to prepare an adequate defense at trial and (2)
would prosecution under the deficiently drafted indictment subject the defendant to the risk
of being prosecuted later for the same crime. Id. at 248.
           The variance between the indictment and the proof in this instance is immaterial. 
There is no indication in the record that Appellant did not know what property he was
accused of taking or that he was surprised by the proof at trial. See id. at 257. Finally, the
variance does not subject Appellant to another prosecution for the same offense. See id. 
Accordingly, we find that there was no material variance between the indictment and the
proof at trial.
           Lastly, Appellant maintains that the State failed to produce any evidence of the stolen
merchandise because he did not produce any photographic evidence of the items. Appellant
cites Tex. Code Crim. Proc. Ann. art. 38.34(b) (Vernon 2005) which allows for the
substitution of a photograph of the property in lieu of the actual property stolen. In the
present case there was testimony at trial which enumerated and described the evidence. We
do not perceive that this article requires such a photograph or even the actual property in
order that the evidence be sufficient. Clearly, article 38.34(b) addresses the admissibility of
evidence and not the sufficiency of the evidence. We find that the evidence is factually and
legally sufficient to support the conviction. Issue Nos. One and Two are overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice
September 29, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)