**Opinion issued February 20, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00064-CR

————————————

## SCOTT FANCHER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Case No. 1745796**

---

## MEMORANDUM OPINION

A jury found appellant, Scott Fancher, guilty of the offense of theft of property worth more than fifty but less than five-hundred dollars.[1] After finding

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(2) (Vernon Supp. 2013).

true the allegation in an enhancement paragraph that appellant had previously been convicted of a felony offense, the trial court assessed his punishment at confinement for 180 days. In his sole issue, appellant contends that the evidence is legally insufficient to support his conviction.

We affirm.

## Background

David Johnson, a Sears loss-prevention officer, testified that on March 23, 2011, he and officer Jennifer Daniels were monitoring the security cameras at the Sears store at Deerbrook Mall in Humble. Daniels "spotted appellant looking around suspiciously" and brought it to Johnson's attention. Johnson saw appellant and a woman[2] "shopping together" and talking. The woman removed a pair of earrings from a "jewelry spinner," put them on, and then put something in her pocket. Appellant then "walk[ed] over to the 'jewelry spinners,'" "look[ed] up at the camera," "selected a pair of earrings," "removed them from the package," and "hung the empty package back on the jewelry spinner." Johnson then went to the sales floor, verified that the earrings were no longer in the package, and followed appellant and the woman. Johnson, who stayed "approximately ten feet away" from appellant and the woman, heard them talking to each other "as if they knew each other," and he saw appellant holding the earrings and "playing with them."

_____

[2] The woman is not identified in the record before us.

2

Johnson followed appellant and the woman up an escalator, through other departments, and outside the store, where he stopped them, identified himself as a loss-prevention officer, and escorted them to the loss-prevention office.

Daniels testified that she saw the woman select some earrings from a rack and "look around suspiciously." The woman then walked over to another table and put the earrings "in her ears." Daniels saw appellant "go back to the spinner, select another piece of jewelry," and "take[] it off the package." Appellant then returned to where the woman was shopping, concealing the earrings in his left hand. The two continued to walk around together and then "exited the store without purchasing" the earrings. Daniels testified that she had "no doubt whatsoever" they were together.

The store surveillance video, which was admitted into evidence and played for the jury, shows appellant and a woman standing side-by-side while browsing through earrings on a spinning display rack at a jewelry counter. The two walked together to a nearby jewelry display table, where appellant pointed at a small box, picked up another box, showed it to the woman, and set it back down. Appellant then returned to the counter display, while the woman remained at the table, removed something from the area to which appellant had pointed, looked left, bent down, and then placed something into her left back pocket. When the camera returned to her, she had her hand in her left back pocket and then put both of her

3

hands to her right ear. Appellant and the woman then switched places—the woman went to the counter display and appellant went to the table. When the woman returned to the table, appellant stood closely on her left side while she again put her hand into her left back pocket, looked down at something in her hands, then put her hands to her left ear. As appellant and the woman walked away together, the woman stopped and looked into a mirror on the jewelry counter. Appellant also stopped, turned around, and faced the woman as she again put her hands to her left ear. Appellant then went to the escalator, with the woman following several steps behind. Once again he stopped, turned around, and waited for her. After boarding the escalator together, appellant stood squarely watching the woman as she put her hands to her right ear. Appellant and the woman then walked together through the men's and hardware departments and left the store.

Humble Police Officer R. Moore testified that he was called to the Sears store to investigate. He found one of the stolen earrings in appellant's front pocket, but did not recover the other earring. The woman, who was wearing the earrings she had stolen, took them off and gave them to Daniels. The trial court admitted into evidence a photograph of both pairs of earrings, each of which, Daniels testified, had a value at $29.99.

The State charged appellant by information with having taken "two pairs of earrings" valued at more than fifty but less than five-hundred dollars. The trial

4

court's charge authorized conviction if the jury found that appellant committed theft as a principal or acted as a party to the woman's theft.[3]

## Standard of Review

We review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979)). Evidence is legally insufficient when the "only proper verdict" is acquittal. *Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2218 (1982). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In doing so, we give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Id*. We determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the

---

[3] When the evidence supports an instruction on the law of parties, the trial court may charge the jury on the law of parties even when, as here, there is not an allegation in the charging instrument that the defendant committed the offense with another person. *Williams v. State*, 676 S.W.2d 399, 401 (Tex. Crim. App. 1984); *Smith v. State*, 768 S.W.2d 478, 481 (Tex. App.—Houston [1st Dist.] 1989, no pet.).

verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). Our duty is to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *See Williams*, 235 S.W.3d at 750.

Jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to a witness's testimony. *Jaggers v. State*, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). And, they may choose to believe or disbelieve any part of a witness's testimony. *See Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Likewise, "reconciliation of conflicts in the evidence is within the exclusive province of the jury." *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000) (citation omitted).

## Sufficiency of the Evidence

In his sole issue, appellant argues that the evidence is legally insufficient to support "the value element of his conviction" for theft of property, valued at between fifty and five-hundred dollars, because there is no evidence that he was a party to the theft committed by the woman. He asserts that, "while it is undisputed that [he] removed a pair of earrings and returned only the empty card to the spinner, he . . . performed no act that appeared to promote or assist the woman when she took her earrings." Appellant further asserts that the evidence shows

only "his presence . . . while the unknown [woman] committed the theft of one of the pairs of earrings alleged in the [information]."

The State asserts that "[t]he fact that appellant and the [woman] both stole a pair of earrings at the same time and in close proximity to one another, shortly after they stood together examining a display rack of earrings, and then left the store together strongly suggests . . . a common understanding and plan."

A person commits the class B misdemeanor offense of theft if he unlawfully appropriates property, valued at between fifty and five-hundred dollars, with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a), (e)(2) (Vernon Supp. 2013). A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for whom he is criminally responsible, or by both. TEX. PENAL CODE ANN. § 7.01(a) (Vernon 2011). Each party to an offense may be charged with commission of the offense. *Id*. § 7.01(b). A person is criminally responsible for an offense committed by the conduct of another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id*. § 7.02(a)(2).

To determine whether an individual is a party to an offense, we may look to "events before, during, and after the commission of the offense" and rely on circumstantial evidence. *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App.

7

2012) (citation omitted). There must be sufficient evidence of an understanding and common design to commit the offense. *Id.* Each fact need not point directly and independently to the guilt of the defendant, as long as the cumulative effect of the facts are sufficient to support the conviction under the law of parties. *Id.* Mere presence of a person at the scene, or even flight therefrom, without more, is insufficient to support a conviction as a party to the offense. *Id.* The evidence must show that, at the time of the offense, the parties were acting together, each contributing some part toward the execution of their common purpose. *See Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994); *Ahrens v. State*, 43 S.W.3d 630, 633–34 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

Here, appellant concedes that he committed the theft of one pair of earrings valued at $29.99. *See* TEX. PENAL CODE ANN. § 31.03(a). He argues that he is not criminally responsible for the theft of the second pair of earrings because he did nothing to solicit, encourage, direct, aid, or attempt to aid the woman in that theft. *See id.* § 7.02(a)(2). Appellant asserts that the evidence shows only that he was present at the store and "appeared to be walking and talking with the [woman]," while she "committed [a] . . . theft of property, and [he] committed a separate . . . theft of different property." Appellant further asserts that these circumstances "would equally apply to anyone in the store [who] appeared to know the [woman] and . . . allegedly shoplifted around the same time she did."

8

Johnson testified that he saw the woman remove a pair of earrings from a "jewelry spinner," put them on, and put something in her pocket. Once on the sales floor, he stayed "about ten feet away" from appellant and the woman, and he heard them talking to each other "as if they knew each other." Daniels testified that she saw the woman select earrings from a rack, "look[] around suspiciously," then walked over to another table and put the earrings "in her ears." Both Johnson and Daniels saw appellant and the woman travel together up the escalator, through the men's and hardware departments, and then "exit[] the store without purchasing" either pair of earrings. Daniels opined that "they were together."

The surveillance video shows that appellant and the woman, while in the store, remained within a few feet of each other and simply switched places at the same jewelry displays. At the display table, appellant pointed at a small box of jewelry. He then returned to the counter display, while the woman remained at the table, removed something from the area to which appellant had pointed, looked left, bent down, and then placed something into her left back pocket. When the camera returned to her, she had her hand in her left back pocket and then put both of her hands to her right ear. Appellant and the woman then switched places— appellant went to the table and the woman went to the counter display. When the woman returned to the table, appellant stood closely at her left side while she again put her hand into her left back pocket, looked down at something in her hands, then

9

put her hands to her left ear. Immediately after, appellant started walking to the escalator, with the woman following behind.

In *Felters v. State*, the defendant and her co-defendant shopped together, spoke together, and stood together while the co-defendant placed items, some of which the defendant had chosen, into a shopping bag. 147 S.W.3d 488, 490 (Tex. App.—Fort Worth 2004, pet. ref'd). When the co-defendant went into a dressing room, the defendant waited nearby. *Id.* The two then left the store together. *Id.* The court held that the jury, having viewed the store surveillance video, could have reasonably found, as it did, that the defendant had actively participated in choosing the items to be stolen. *Id.* at 491.

Here, as in *Felters*, the jury could have reasonably found that appellant actively participated in choosing the earrings to be stolen. Moments after appellant pointed at something on the display table and walked away, the woman is seen on video removing something from that same area of the table, then looking to her left, bending down, putting her hand into her back pocket, and walking away. *See id.* In addition, the photograph admitted into evidence shows that the earrings recovered from the woman are identical to those appellant concedes that he also took.

The evidence further shows that once the woman put the earrings in her ears, appellant immediately began to walk away from the jewelry department and

toward the escalator. Each time the woman lagged behind, appellant stopped, turned around, and waited for her to catch up to him. Appellant then embarked on a path through the store to the exit, with the woman following him. From this evidence, the jury could have reasonably found that appellant attempted to aid the woman's commission of theft by leading her out of the store without detection. *See* TEX. PENAL CODE ANN. § 7.02(a)(2); *see, e.g.*, *Bradford v. State*, No. 14-06-00527-CR, 2007 WL 1747997, at *2 (Tex. App.—Houston [14th Dist.] June 19, 2007, pet. ref'd) (mem. op., not designated for publication) (concluding evidence sufficient to support finding that defendant acted as party to theft where store surveillance video showed defendant shopping, speaking, and leaving with companions who put unpaid items into shopping bags); *Reed v. State*, No. 01-93-00311-CR, 1994 WL 543279, at *3 (Tex. App.—Houston [1st Dist.] Oct. 6, 1994, no pet.) (not designated for publication) (holding evidence sufficient to support finding that defendant acted as party to theft when he remained near co-defendant at all times, stood next to her while she bent down to conceal merchandise in shopping bag, and exited store with her minutes later).

Moreover, the evidence shows that the woman approached appellant while placing the earrings in her ears and appellant watched her while she appeared to adjust the earrings. That the woman did not feel the need to conceal her theft from appellant supports that she acted in accord with their common plan or design. *See*

11

*Gross*, 380 S.W.3d at 186 (stating there must be evidence of understanding and common design to commit offense).

Appellant asserts that the surveillance video does not show him or the woman "looking around suspiciously," as alleged. Daniels testified that appellant and the woman were "looking around suspiciously." The video is unclear in that regard. However, "reconciliation of conflicts in the evidence is within the exclusive province of the jury." *See Wyatt*, 23 S.W.3d at 30.

Viewing all of the evidence in the light most favorable to the jury's verdict, as we must, we conclude that a rational trier of fact could have reasonably found that appellant and the woman were acting with a common design, and appellant, acting with intent to promote or assist the woman in the commission of theft, aided or attempted to aid her commission of the offense. Accordingly, we hold that the evidence is legally sufficient to support appellant's conviction for theft of property valued at least at fifty but less than five-hundred dollars.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

13